UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GENENA V. RICHARDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23-CV-151 RLW |
| | ) |
| CARDINAL RITTER RESIDENTIAL SERVICES, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of self-represented plaintiff Genena V. Richardson for leave to commence this civil action without prepayment of the required filing fee. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee in this matter. *See* 28 U.S.C. § 1915(e)(2)(B). In additional, for the reasons discussed below, the Court will direct plaintiff to file an amended complaint.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

On February 9, 2023, self-represented plaintiff Genena V. Richardson[1] filed this case against Cardinal Ritter Residential Services. ECF No. 1. Plaintiff indicates she is bringing this action pursuant to Titles II and III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq. Id.* at 3. In the section designated to state her claim, plaintiff alleges the following, quoted in its entirety:

1. I was denied housing due to my disability.

---

[1] Plaintiff spells her name as 'Genena' in the case caption, but as 'Gennena' elsewhere in the complaint.

2. This happened on May 4, 2021.

3. This happened at 7601 Watson Road St. Louis, MO 63119.

4. I suffered emotional distress, mental anguish, loss of sleep, migrain[e] headaches and emotional distress.

5. The above named Defendant discriminated on my disability and thereby violated my rights.

*Id.* at 5. For relief, Plaintiff seeks $500,000 in monetary damages.

## Discussion

Having carefully and liberally reviewed the instant complaint, the Court finds plaintiff has failed to present sufficient facts to state a claim under Title II or III of the ADA. However, as plaintiff is proceeding without counsel, she will be allowed to file an amended complaint.

The purpose of the ADA is to "provide clear, strong, consistent, enforceable standards" to remedy discrimination in employment (Title I), in the services of public entities (Title II), and in places of public accommodation (Title III). 42 U.S.C. § 12101(b)(2). The ADA defines disability in the following three ways: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2); *Webner v. Titan Distribution, Inc.*, 267 F.3d 828, 833 (8th Cir. 2001).

To state a prima facie claim under Title II of the ADA, a plaintiff must show that she (1) is a person with a disability as defined by statute, (2) is otherwise qualified for the benefit in question, and (3) was excluded from the benefit due to discrimination based upon disability. *Randolph v. Rodgers*, 170 F.3d 850, 858 (8th Cir. 1999); *see* 42 U.S.C. § 12132. Here, although plaintiff states she has a disability, she does not inform the Court what her perceived disability is or why she believes she was denied housing because of her disability. She also fails

3

to set forth facts relative to whether she was qualified for housing at Cardinal Ritter Residential Services. Thus, the complaint contains no factual support for the proposition that defendant has discriminated against her on the basis of disability. For this reason, plaintiff fails to state a claim or cause of action under Title II of the ADA.

To state a prima facie case under Title III of the ADA, a plaintiff must show (1) she has a disability within the meaning of the statute, (2) defendant is a private entity that owns, leases, or operates a place of public accommodation, (3) defendant took adverse action against the plaintiff based upon the plaintiff's disability, and (4) defendant failed to make reasonable modifications. *Koester v. Young Men's Christian Ass'n of Greater St. Louis*, 855 F.3d 908, 910 (8th Cir. 2017) (citations omitted). As with Title II, plaintiff has failed to plead sufficient facts to state a claim under Title III of the ADA. Plaintiff does not identify her disability, assert that defendant is a place of public accommodation, or explain the factual circumstances which caused her to be denied a full and equal opportunity to enjoy the housing that defendant provides. This Court cannot assume facts that are not alleged. *Stone*, 364 F.3d at 914-15.

Moreover, it is well established that claims for damages based on alleged disability discrimination in violation of Title III of the ADA are precluded, and injunctive relief is the only available remedy. *See, e.g.*, *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000) (recognizing that Title III of the ADA grants a private right of action for injunctive relief); *Pona v. Cecil Whittaker's Inc.*, 155 F.3d 1034, 1038 (8th Cir. 1998) (in a civil action under Title III of the ADA, a private plaintiff can only obtain injunctive relief); *see also Fischer v. SJB P.D. Inc.*, 214 F.3d 1115, 1120 (9th Cir. 2000) ("Monetary relief is not an option for private individuals under Title III of the ADA."); *Riggs v. CUNA Mutual Ins. Soc'y*, 171 F.Supp.2d 1210, 1214 (D. Kan. 2001) (where ADA Title III plaintiff's request for relief was limited to money damages, she failed to

state a claim upon which relief could be granted and dismissal was appropriate), *aff'd,* 42 F. App'x 334 (10th Cir. 2002). Because plaintiff does not seek injunctive relief in the complaint, her claims under Title III of the ADA fail to state a claim upon which relief may be granted.

### Order to Amend

Because plaintiff is proceeding as a self-represented litigant, she will be allowed to file an amended complaint, according to the following instructions.

Plaintiff is advised the amended complaint will completely replace the original complaint. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on a Court-provided "Civil Complaint" form, and she must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10.

In the "Caption" section of the complaint form, plaintiff should write her name and the name of the defendant(s) she intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff should be careful to correctly spell the names of the parties.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting her claims. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). In structuring her amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting her claim against that specific defendant. If plaintiff is suing more than one defendant, she should follow the same procedure for each defendant.

If plaintiff wishes to assert claims under the ADA for disability discrimination, she must state what her disability is, and then carefully describe the adverse action(s) she believes was taken and why it amounted to discrimination. She must also provide facts as to how she was qualified for housing at Cardinal Ritter Residential Services, and whether it is a public or private facility.

The Clerk of Court will be directed to provide plaintiff with a form "Civil Complaint" form. Plaintiff will be given thirty (30) days to file an amended complaint. Upon receipt of the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank "Civil Complaint" form.  Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form by **March 23, 2023**, in compliance with the instructions set forth herein. Plaintiff is advised that her amended complaint will take the place of her original filing and will be the only pleading that this Court will review.

**IT IS FINALLY ORDERED** that if plaintiff fails to comply fully and timely with this Order, the Court will dismiss this action without prejudice and without further notice.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 21st day of February, 2023.