**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| GENENA V. RICHARDSON,           ) | |
|                                 ) | |
|    Plaintiff,    ) | |
|                                 ) | |
| v.                              ) | No. 4:23-CV-151 RLW |
|                                 ) | |
| CARDINAL RITTER RESIDENTIAL     ) | |
| SERVICES,                       ) | |
|                                 ) | |
|    Defendant.    ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of the amended complaint filed by self-represented plaintiff Genena V. Richardson. ECF No. 5. For the reasons discussed below, the Court will direct plaintiff to file a second amended complaint.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded

facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

On February 9, 2023, self-represented plaintiff Genena V. Richardson[1] filed this case against Cardinal Ritter Residential Services. ECF No. 1. Plaintiff indicated she was bringing this action pursuant to Titles II and III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq. Id.* at 3. In the section designated to state her claim, plaintiff alleged the following in its entirety:

1. I was denied housing due to my disability.

2. This happened on May 4, 2021.

3. This happened at 7601 Watson Road St. Louis, MO 63119.

---

[1]Plaintiff spells her first name as "Genena" in the caption, but as "Gennena" elsewhere in the omplaint.

4. I suffered emotional distress, mental anguish, loss of sleep, migrain[e] headaches and emotional distress.

5. The above named Defendant discriminated on my disability and thereby violated my rights.

*Id.* at 5. For relief, Plaintiff seeks $500,000 in monetary damages.

On February 21, 2023, the Court reviewed plaintiff's complaint pursuant to § 1915 and determined it was subject to dismissal. ECF No. 4. The Court explained that in order to state a claim under Title II of the ADA, plaintiff must allege "she (1) is a person with a disability as defined by statute, (2) is otherwise qualified for the benefit in question, and (3) was excluded from the benefit due to discrimination based upon disability." *Id.* at 3.

Further, in order to state a claim under Title III of the ADA, plaintiff must show "(1) she has a disability within the meaning of the statute, (2) defendant is a private entity that owns, leases, or operates a place of public accommodation, (3) defendant took adverse action against the plaintiff based upon the plaintiff's disability, and (4) defendant failed to make reasonable modifications." *Id.* at 4. The Court determined that plaintiff failed to allege facts to support the elements of either a Title II or Title III claim under the ADA. Additionally, the Court noted plaintiff's request for relief sought monetary damages only, and Title III actions are limited to injunctive relief. In consideration of plaintiff's self-represented status, the Court directed her to submit an amended complaint and provided her with detailed instructions how to do so.

**Amended Complaint**

Plaintiff filed her amended complaint on March 15, 2023. ECF No. 5. She asserts she is bringing "this suit under Titles II and III of the Americans Act of 1990 ("ADA")." *Id.* at 3. In the section designated to state her claim, plaintiff repeats the same five assertions as in her original complaint. *Id.* at 5. In the section designated to state her request for relief, plaintiff again indicates

3

she seeks $500,000 in monetary damages "for violation of the ADA." *Id.* Attached to her form complaint is a five-page document titled "Attachment to the Am[]ended Complaint," and three notes from Dr. Ibe O. Ibe, M.D. indicating that although plaintiff is able to manage her affairs, she has a "serious mental illness" and "is disabled by the illness." ECF Nos. 5-1, 5-2.

In the five-page attachment, plaintiff indicates she applied for housing at defendant Cardinal Ritter Residential Services and was denied due to her disability and because she is a "black American or a person of color." ECF No. 5-1 at 3. Plaintiff states she was informed over the phone that she "was not [a] candidate with the correct disability" because she was not "mobility impaired, hearing impaired or vision impaired[.]" *Id.* Plaintiff asserts the denial was a "direct violation" under both the Fair Housing Act ("FHA") and ADA. *Id.* Plaintiff identifies defendant as a "Section 8 apartment complex," which "require[s] that landlords participating in the Section 8 program comply with fair housing laws and regulations, including the FHA and the ADA." *Id.* 4. In the last paragraph of the attachment, plaintiff asserts, "In addition to monetary damages, the court may issue injunctive relief to prevent future discrimination." *Id* at 6. She does not, however, state that she seeks injunctive relief in addition to monetary damages.

**Discussion**

Having carefully and liberally reviewed the amended complaint, the Court finds plaintiff has again failed to allege sufficient facts to state a claim under Title II or III of the ADA. Because plaintiff is proceeding without counsel, she will be allowed one final opportunity to file an amended complaint.

The Court notes the information in plaintiff's form amended complaint is somewhat contradictory to the attachment. First, plaintiff's amended complaint states she is bringing this action pursuant to Titles II and III of the ADA, but the attachment includes several references to

4

the FHA. It is unclear to the Court whether plaintiff is also attempting to bring an FHA claim against defendant. Second, plaintiff's statement of claim within the form amended complaint indicates her allegations are based solely on disability discrimination. In the attachment, however, plaintiff also appears to allege discrimination based on race, but she does not provide any factual basis to explain how the defendant allegedly discriminated against her because of her status as a "black American or a person of color." Third, plaintiff's form amended complaint seeks $500,000 in monetary damages only. The attachment discusses a court's general ability to issue injunctive relief but does not state that plaintiff seeks non-monetary injunctive relief.

As a result of these and other issues, plaintiff must amend her complaint again. Plaintiff's second amended complaint must clearly identify the federal statutes she is basing this action upon *and* what relief she seeks. If it is plaintiff's intent to bring both disability and race discrimination claims, she must provide non-conclusory facts to support each allegation. A statement that "defendant discriminated against me based on my race" is not sufficient. "A federal complaint must contain the 'who, what, when and where' of what happened[.]" *Drummer v. Corizon Corr. Health Care*, 2016 WL 3971399, at *1 (E.D. Mo. July 25, 2016). Stated differently, a complaint needs "to allege more by way of factual content to nudge [a] claim of purposeful discrimination across the line from conceivable to plausible." *Iqbal,* 556 U.S. at 683.

As set forth above, to state a prima facie claim under Title II of the ADA, a plaintiff must allege facts to show she is a person with a disability as defined by statute, is otherwise qualified for the benefit in question, and was excluded from the benefit due to discrimination based upon disability. *Randolph v. Rodgers*, 170 F.3d 850, 858 (8th Cir. 1999); *see* 42 U.S.C. § 12132. Because plaintiff does not allege any facts relative to show she was qualified for housing at defendant Cardinal Ritter Residential Services, her claims under Title II of the ADA fail to state a

5

claim upon which relief may be granted. The attachment to the amended complaint appears to allege facts that show plaintiff was *not* qualified for housing in the defendant facility, because it accepts individuals who suffer from physical disabilities only, such as a mobility, hearing, or visual impairment, whereas plaintiff states she suffers from a mental illness. *See* ECF No. 5-1 at 3.

To state a prima facie case under Title III of the ADA, a plaintiff must allege facts to show she has a disability within the meaning of the statute, defendant is a private entity that owns, leases, or operates a place of public accommodation, defendant took adverse action against the plaintiff based upon the plaintiff's disability, and defendant failed to make reasonable modifications. *Koester v. Young Men's Christian Ass'n of Greater St. Louis*, 855 F.3d 908, 910 (8th Cir. 2017). Plaintiff does not assert that defendant is a private entity. She also does not allege facts to show what reasonable modifications defendant failed to make.

Further, it is well established that claims for money damages based on alleged disability discrimination in violation of Title III of the ADA are not available. Injunctive relief is the only available remedy. *See, e.g.*, *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000) (Title III of the ADA grants a private right of action for injunctive relief only). Because plaintiff does not allege facts to support all elements of her Title III ADA claim, and seeks only monetary damages in the amended complaint, her claims under Title III of the ADA fail to state a claim upon which relief may be granted.

In light of plaintiff's self-represented status, the Court will allow plaintiff one final opportunity to amend her complaint in accordance with the instructions given above and provided by the Memorandum and Order issued on February 21, 2023.

**Order to Amend**

Plaintiff is advised that the second amended complaint will replace her original and amended complaints. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must type or neatly print the amended complaint on a Court-provided "Civil Complaint" form. She must indicate the specific federal statutes that are at issue this action.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting her claims. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). In structuring her amended complaint, plaintiff should begin by writing the federal statute the claim in based on. For example, Title II of the ADA. In separate, numbered paragraphs under that statute heading, plaintiff should write a short and plain statement of the factual allegations supporting her claim. If plaintiff is bringing her claim under more than one federal statute, she should follow the same procedure for each claim.

If plaintiff wishes to assert claims under the ADA for disability discrimination, she must state what her disability is, and then carefully describe the adverse action(s) she believes was taken and why it amounted to discrimination. She must also provide facts as to how she was qualified for housing at Cardinal Ritter Residential Services, and whether it is a public or private facility. If she is not requesting injunctive relief, she must not allege a Title III claim under the ADA.

If plaintiff wishes to assert a claim under the Fair Housing Act and/or a claim for discrimination based on race, she must make that clear in her complaint and provide facts to support such a claim.

7

The Clerk of Court will be directed to provide plaintiff with a "Civil Complaint" form. Plaintiff will be given thirty (30) days to file a second amended complaint. Upon receipt of the second amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall file a second amended complaint on a Court-provided form by **April 24, 2023**, in compliance with the instructions set forth herein and those provided by the Memorandum and Order issued on February 21, 2023. Plaintiff is advised that her second amended complaint will take the place of her original filing and amended filing and will be the only pleading that this Court will review.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank "Civil Complaint" form with this Memorandum and Order. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply fully and timely with this Order, the Court will dismiss this action without prejudice and without further notice.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 24th day of March, 2023.