UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GENNENA V. RICHARDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-CV-151 RLW |
| ) | |
| CARDINAL RITTER INSTITUTE ) | |
| RESIDENTIAL SERVICES CORP., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the third amended complaint filed by self-represented plaintiff Gennena V. Richardson.[1] ECF No. 9. For the reasons discussed below, the Court will dismiss plaintiff's racial discrimination claim under the Fair Housing Act, and direct the Clerk to issue service of process on plaintiff's disability discrimination claims under both the Fair Housing Act and Title II of the Americans with Disabilities Act.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[1] In prior pleadings, plaintiff spelled her name as both "Genena" and "Gennena." The third amended complaint uses the spelling "Gennena" only. Consequently, the Court will direct the Clerk to amend the caption to reflect the correct spelling of plaintiff's name. Plaintiff also modified the Defendant's name in the caption from "Cardinal Ritter Residential Services" to "Cardinal Ritter Institute Residential Services Corporation." The Court will direct the Clerk to amend the caption and short title of the case to reflect these changes.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

On February 9, 2023, self-represented plaintiff Gennena V. Richardson filed this case against defendant Cardinal Ritter Residential Services pursuant to Titles II and III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.* ECF No. 1. In the section designated to state the facts of her claim, plaintiff alleged the following in its entirety:

1. I was denied housing due to my disability.

2. This happened on May 4, 2021.

> 3. This happened at 7601 Watson Road St. Louis, MO 63119.
>
> 4. I suffered emotional distress, mental anguish, loss of sleep, migrain[e] headaches and emotional distress.
>
> 5. The above named Defendant discriminated on my disability and thereby violated my rights.

*Id.* at 5. For relief, plaintiff sought $500,000 in monetary damages.

On February 21, 2023, the Court reviewed plaintiff's complaint pursuant to § 1915 and determined it was subject to dismissal because she failed to allege facts to support the elements of a Title II or Title III claim under the ADA. ECF No. 4. In addition, the Court noted plaintiff's request for relief sought monetary damages only, and Title III actions are limited to injunctive relief. In consideration of plaintiff's self-represented status, the Court directed her to submit an amended complaint and provided her with detailed instructions on how to do so.

Plaintiff filed her amended complaint on March 15, 2023. ECF No. 5. She again asserted that she was bringing her claims under Titles II and III of the ADA. *Id.* at 3. In the section designated for statement of her claim, plaintiff repeated the same five numbered assertions as in her original complaint. *Id.* at 5. In the section designated for her to state her request for relief, plaintiff sought $500,000 in monetary damages "for violation of the ADA." *Id.* Attached to her form complaint was a supplemental document providing additional allegations. ECF No. 5-1. Within the supplemental document, plaintiff further alleged she was denied housing by defendant because she was a black American or a person of color. *Id.* at 3. Plaintiff asserted the denial was a "direct violation" under both the Fair Housing Act ("FHA") and ADA. *Id.*

On March 24, 2023, the Court reviewed plaintiff's amended complaint pursuant to § 1915. ECF No. 6. The Court indicated the amended filing was unclear as to whether plaintiff was also attempting to bring an FHA claim against defendant. In the event it was plaintiff's intent to allege an FHA claim based on race, the Court explained that such a claim failed because she did not

3

provide a factual basis to show how defendant allegedly discriminated against her based on her status as a "black American or a person of color." The Court allowed plaintiff another opportunity to amend her complaint. The Court explicitly directed plaintiff to identify the federal statute(s) she is basing this action upon, and to provide non-conclusory facts to support each allegation.

On April 24, 2023, plaintiff filed an unsigned second amended complaint. ECF No. 7. Because the complaint did not include plaintiff's signature as required by Federal Rule of Civil Procedure 11(a) and the Court's Local Rule 2.01(A)(1), the Court ordered plaintiff to file a third amended complaint with her signature. ECF No. 8. Plaintiff timely complied on May 1, 2023. ECF No. 9. Thus, the third amended complaint is the operative pleading before the Court and is now reviewed under § 1915.

### Third Amended Complaint

Plaintiff's third amended complaint names essentially the same defendant and alleges "discrimination based on her disability and race in violation of the ADA and FHA." ECF No. 9 at 7. In stating her claim, plaintiff indicates her ADA claim is brought under Title II. *See id.* ("Count I – Violation of Title II of the ADA"). She does *not* any include allegations pursuant to Title III of the ADA.

Plaintiff alleges she "suffers from a serious mental illness and is disabled within the meaning" of both the ADA and the FHA. *Id.* at 5, 7. She identifies defendant as "a private entity that owns, leases, and operates a Section 8 housing facility[.]" *Id.* She states that on or about May 4, 2021, she was "not allowed to apply for housing at the [d]efendant's facility due to her dis[]ability or race" and "denied [her] housing application due to her mental disability and her status as a black American or a person of color." *Id.* Plaintiff asserts she was informed "over the phone that she was not a candidate with the correct disability because she was not mobility impaired, hearing impaired, or vision impaired." *Id.* Plaintiff contends defendant violated Title II

4

of the ADA because she "was qualified for housing at the Defendant's facility and was denied housing solely due to her disability." *Id.* at 7. Attached to plaintiff's complaint are three notes from Dr. Ibe O. Ibe, M.D., who appears to be her treating physician, indicating that although plaintiff is able to manage her affairs, she suffers from schizophrenia and "is disabled by the illness." *Id.* at 8-10. The notes are dated 2002, 1992, and 2011, respectively. *Id.*

Plaintiff describes her injuries as "emotional distress." *Id.* at 7. For relief, she seeks "Compensatory Damages, Punitive Damages, [and] Injunctive Relief" in an amount that "is at least $95,000." *Id.* at 4. Elsewhere in the complaint, plaintiff claims actual damages of $50,000 for emotional distress, and $45,000 in punitive damages.

**The Parties**

Plaintiff lists Cardinal Ritter Institute Residential Corporation as the only defendant in the case caption and on page two of the third amended complaint, under the "Parties to this Complaint" section. *Id.* at 1, 2. But under the "Basis for Jurisdiction" section on page four, under the "Diversity of Citizenship" heading for "if the defendant is an individual," plaintiff lists the name Sister Suzanne Wesley. *Id.* at 4.[2] For the following reasons, the Court finds that Sister Suzanne Wesley is not a defendant in this action.

Sister Suzanne Wesley is not named in the case caption as required by Rule 10(a) of the Federal Rules of Civil Procedure, which provides in part that the "title of the complaint must name all parties." Plaintiff also did not list Sister Suzanne Wesley in Section I.B. of the form complaint, "The Defendant(s)," which requires that certain information must be provided for "each defendant named in the complaint." ECF No. 1 at 2. Plaintiff lists only Cardinal Ritter in this section, though the form complaint instructs, "*If more than one defendant is named in the complaint, attach an*

---

[2] Because plaintiff's claims are based on federal statutes, the Court has federal question jurisdiction over this case under 28 U.S.C. § 1331, not diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a).

*additional page providing the same information for each additional defendant."* *Id.* Finally, plaintiff does not make any factual allegations against Sister Suzanne Wesley anywhere in the third amended complaint, including in the Statement of the Claim section that requires a description of what each defendant personally did, or failed to do, to harm the plaintiff. *Id.* at 5. Nor does plaintiff request any relief against Wesley.

The Court therefore finds and concludes that Sister Suzanne Wesley is not a defendant in this action. The Court will treat her name in the third amended complaint as surplusage and does not discuss this further.

## Discussion

**A.  Discrimination Claims under the Fair Housing Act**

The FHA makes it unlawful to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, on the basis of race, color, religion, sex, familial status, national origin, or handicap. 42 U.S.C. § 3604(b), (f). The FHA also "prohibits property owners and municipalities from blocking or impeding the provision of housing on the basis of race, color, religion, sex, familial status, or national origin." *Gallagher v. Magner*, 619 F.3d 823, 831 (8th Cir. 2010) (citing 42 U.S.C. § 3604(a)-(b)). A party asserting a housing discrimination claim under the FHA has the initial burden of proving a prima facie case of discrimination by a preponderance of the evidence. *See Radecki v. Joura*, 114 F.3d 115, 116 (8th Cir. 1997). "A claim of racial discrimination under the FHA must be supported by more than an allegation of harm and membership in a protected class to survive initial review." *Wheatley v. Beasley*, 2021 WL 1667503, at *3 (E.D. Mo. Apr. 28, 2021).

As to her racial discrimination claim, plaintiff does not provide any facts to explain how the defendant allegedly discriminated against her because of her status as a "black American or a person of color." To the contrary, she asserts the defendant facility explicitly told her the denial

was because "she was not a candidate with the correct disability because she was not mobility impaired, hearing impaired, or vision impaired." ECF No. 9 at 7. Plaintiff makes no mention of how she was discriminated against based on race. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) (stating "the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations"); *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (stating "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do").

In the March 24, 2023 Memorandum and Order, the Court explained a "statement that 'defendant discriminated against me based on my race' is not sufficient" to state an FHA claim. ECF No. 5 at 5. Instead "a complaint needs 'to allege more by way of factual content to nudge [a] claim of purposeful discrimination across the line from conceivable to plausible.'" *Id.* (quoting *Iqbal*, 556 U.S. at 683). In other words, a "'federal complaint must contain the 'who, what, when and where' of what happened[.]'" *Drummer v. Corizon Corr. Health Care*, 2016 WL 3971399, at *1 (E.D. Mo. July 25, 2016).

Plaintiff has not alleged any factual information showing she was treated differently due to her race. As a result, liberally construing plaintiff's third amended complaint, her FHA race discrimination allegations against defendant fails to state a claim upon which relief can be granted. The Court will dismiss this claim without prejudice under 28 U.S.C. § 1915(e)(2)(B). The Court will allow the disability discrimination claim to proceed under the FHA as plaintiff has sufficiently alleged, at this state of the litigation, a denial of housing due to her mental impairment.

### B. Title II of the Americans with Disabilities Act Claim

To state a prima facie claim under Title II of the ADA, a plaintiff must allege facts to show she is a person with a disability as defined by statute, is otherwise qualified for the benefit in

7

question, and was excluded from the benefit due to discrimination based upon disability. *Randolph v. Rodgers*, 170 F.3d 850, 858 (8th Cir. 1999); *see* 42 U.S.C. § 12132.

Here, plaintiff's third amended complaint indicates she has been diagnosed with schizophrenia, was qualified for housing at defendant's residential facility, but was denied housing because of her disability. The Court will allow the disability discrimination claim to proceed under the Title II of the ADA as plaintiff has sufficiently alleged, at this state of the litigation, a denial of housing due to her mental impairment.[3]

### C. The Complaint Does Not Allege an ADA Title III Claim

The only mention of ADA Title III in the third amended complaint is in the "Relief" section, where plaintiff requests the Court to find that defendant has violated Titles II and III of the ADA and the FHA. Plaintiff has not alleged a Title III claim in her third amended complaint, however. In its March 24, 2023 Order, the Court directed plaintiff to include in her statement of claim each federal statute this action is based on. See ECF No. 6 at 7 ("in structuring her amended complaint, plaintiff should begin by writing the federal statute the claim in based on. For example, Title II of the ADA. In separate, numbered paragraphs under that statute heading, plaintiff should write a short and plain statement of the factual allegations supporting her claim."). Plaintiff has had three opportunities to amend her complaint. The statement of claim in her operative third amended complaint includes allegations under the FHA and Title II of the ADA only. Thus, the Court will not interpret the complaint to include a Title III claim.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Fair Housing Act claim for racial discrimination is **DISMISSED** for failure to state a claim upon which relief can be granted.

---

[3]The Court advises plaintiff that it has made only a preliminary determination, based solely on the allegations contained in the complaint, that the defendant should be required to respond to some of the complaint's claims. This is not a determination of the merits of any of plaintiff's claims.

**IT IS FURTHER ORDERED** that plaintiff's claims of disability discrimination under the Fair Housing Act and Title II of the Americans with Disabilities Act survive initial review pursuant to 28 U.S.C. § 1915. The Clerk of Court shall effectuate service of process through the United States Marshal's Office, using the name and address provided in ECF No. 9 at 2.

**IT IS FURTHER ORDERED** that, on the Court's own motion, the Clerk of Court shall amend the case caption to substitute "Genena V. Richardson" with "Gennena V. Richardson," and to substitute "Cardinal Ritter Residential Services" with "Cardinal Ritter Institute Residential Services Corporation," on both the docket sheet and the short title.

An Order of Partial Dismissal will accompany this Memorandum and Order.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 11th day of May, 2023.