UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GENNENA V. RICHARDSON | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23-CV-151 RLW |
| | ) |
| CARDINAL RITTER INSTITUTE | ) |
| RESIDENTIAL SERVICES | ) |
| CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Cardinal Ritter Institute Residential Services Corporation's Motion to Dismiss. ECF No. 16. For the reasons set forth below, the Court will grant Defendant's Motion.

**Background**

In February 2023, Gennena Richardson filed this pro se suit against Defendant, claiming that she had been denied housing based upon her disability. ECF No. 1. In her third amended complaint (hereinafter, the "Complaint"), Plaintiff specifically asserts claims under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, and the Fair Housing Act ("FHA"), 42 U.S.C. § 3604. ECF No. 9.[1] In support thereof, Plaintiff alleges that she "suffers from a serious mental illness and is disabled within the meaning" of both the ADA and the FHA. *Id.* at 5, 7. She states that Defendant is a "private entity that owns, leases, and operates a Section 8 housing

---

[1] Upon review pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court previously entered an order dismissing Plaintiff's FHA claim of race discrimination, without prejudice, and determining that the complaint did not allege a claim under Title III of the ADA. ECF. No. 10.

facility," that in May 2021 she was "not allowed to apply for housing at the Defendant's facility due to her dis[]ability," and that she was "denied [her] housing application due to her mental disability." *Id.* Plaintiff further alleges that she was informed "over the phone that she was not a candidate with the correct disability because she was not mobility impaired, hearing impaired, or vision impaired." *Id.* She contends that she "was qualified for housing at the Defendant's facility and was denied housing solely due to her disability." *Id.* Attached to the Complaint are notes from a Dr. Ibe O. Ibe, indicating that Plaintiff suffers from schizophrenia and "is disabled by the illness." *Id.* at 8-10.

On June 16, 2023, Defendant moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF. No. 16. Defendant argues that Plaintiff fails to state a claim under Title II of the ADA because Defendant is not a public entity as defined under that provision. ECF No. 17 at 4-5. Defendant further argues that Plaintiffs ADA and FHA claims fail because Plaintiff acknowledges in her complaint allegations that Defendant did not deny her application because of her mental health disorder, but rather because she did not qualify for their housing services which are offered to those who are vision, hearing, or mobility impaired. *Id.* at 5-9.

In response, Plaintiff has filed an Opposition to Defendant's Motion to Dismiss, along with two seemingly identical copies of Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss. ECF Nos. 18, 19, 21. Plaintiff argues, in part, that the scope of the ADA extends to private entities operating housing facilities, and that she has pled sufficient factual allegations to support her claims of disability discrimination. *Id.*[2]  Plaintiff

---

[2] In her response, Plaintiff references the Missouri Human Rights Act ("MHRA"). ECF No. 21 at 1-2. To the extent Plaintiff attempts to assert an additional claim against Defendant under the MHRA, this claim was not asserted in the Complaint, and the Court will not address it for the first time in ruling on a dispositive motion.

further asserts that she required a necessary accommodation from Defendant, and that "Defendant refused to provide such accommodation." *Id.*[3]

## Legal Standard

A complaint must be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *See id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

Pro se pleadings are liberally construed and are held to a less stringent standard than formal pleadings drafted by an attorney. *See Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). Nevertheless, they must not be conclusory and "must contain specific facts supporting [their] conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). Federal courts are not required to assume facts that are not alleged, *see Stone v. Harry*, 364 F.3d 912 at 914-15 (8th Cir. 2004), nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel, *see McNeil v. United States*, 508 U.S. 106, 113 (1993).

---

[3] Plaintiff also references her claim under Title III of the ADA. *Id.* As previously noted, in a prior order, the Court determined that the complaint did not assert such a claim. ECF. No. 10.

**Discussion**

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The FHA makes it unlawful "[t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap." 42 U.S.C. § 3604(f).

In order to state a claim under either of these statutory provisions, Plaintiff is required to allege facts from which a reasonable inference can be drawn that Defendant denied her housing on the basis of her disability. Here, the Complaint alleges that Plaintiff suffers from a mental health disorder, namely schizophrenia. The Complaint further alleges that Plaintiff was informed over the phone that she was not a candidate for Defendant's housing facility because she is not vision, hearing or mobility impaired. Plaintiff's allegations do not raise a reasonable inference that she was denied housing on the basis of her mental health disorder. Instead, they raise a reasonable inference that she was denied housing because she does not have any of the aforementioned impairments. In other words, Plaintiff's complaint allegations suggest that she was denied housing on the basis that she lacked a disability—not because she had one. For the foregoing reasons, Plaintiff has failed to state a plausible claim.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 16) is **GRANTED**, and that Plaintiff's Complaint is **DISMISSED, without prejudice**. A separate Order of Dismissal shall accompany this Memorandum and Order.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 11th day of December, 2023